UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREGORY WALKER (#236877)                    CIVIL ACTION

VERSUS

TROY GRIMES                                 NO. 16-74-BAJ-RLB

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 27, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GREGORY WALKER (#236877)**                                    **CIVIL ACTION**

**VERSUS**

**TROY GRIMES**                                                      **NO. 16-74-BAJ-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment filed on behalf of defendant Troy Grimes (R. Doc. 16). This Motion is not opposed. There is also a pending Motion to Dismiss filed on behalf of defendant Troy Grimes (R. Doc. 15) that is also not opposed.

The *pro se* plaintiff, an inmate currently incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, filed this action pursuant to 42 U.S.C. § 1983 against Troy Grimes, complaining that the defendant violated his constitutional right to be free from cruel and unusual punishment by exhibiting deliberate indifference to his serious medical needs. Defendant Troy Grimes now moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's pertinent administrative remedy proceedings, a certified copy of the plaintiff's medical records, and the affidavits of Troy Grimes, Carolyn Moore, and Comfort Onyegbunam.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file,

together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges that on August 14, 2015, he was attacked by another inmate and sustained a broken jaw as a result.  He initially reported that the injury occurred as a result of a fall, then later reported that the injury was actually caused by a fight.  Defendant Grimes was angry with the plaintiff for lying and had the plaintiff transferred from the Skilled Nursing Unit ("SNU") to administrative segregation.  From approximately 2:10 a.m. until noon, the plaintiff was not provided with any medical care although he was in extreme pain.  He was later transported to University Medical Center for further treatment.

The plaintiff asserts that defendant Grimes placed the plaintiff in administrative segregation under the false pretense of an ongoing investigation.  He further asserts that defendant Grimes disregarded his injury, and did not authorize any medical staff to monitor the plaintiff, causing him to go without treatment for his extreme pain for approximately ten hours.

In response to the plaintiff's Complaint, defendant Grimes contends in the instant motion that he is entitled to qualified immunity in connection with the plaintiff's claim.  Specifically, the defendant contends that the plaintiff has failed to present facts sufficient to show that the defendant has violated the plaintiff's constitutional rights through deliberate indifference to the plaintiff's serious medical needs.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.  *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012).  As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights.  *Id.* at 201.  Second, the district court looks to whether the rights allegedly violated were clearly established at the time that the violation occurred.  *Id.*  This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition.  *Id.*  The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted.  *Id.* at 202.[3]

Undertaking the qualified immunity analysis with respect to the plaintiff's claims, the Court finds that the defendant's motion for summary judgment should be granted.  Specifically,

---

[3] The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.  *Id.*

the Court concludes that the plaintiff has failed to present facts sufficient to support a viable constitutional claim of deliberate medical indifference.

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

The competent summary judgment evidence submitted by the defendant establishes the following: On August 19, 2015 at approximately 2:10 a.m., the plaintiff was seen in the Assessment Triage Unit where he reported an un-witnessed fall in the shower. An obvious dislocation of his right jaw was noted, and the plaintiff was transferred to the Skilled Nursing Unit ("SNU") where he was assessed by Nurse Comfort Onyegbunam. At approximately 3:00 a.m., Nurse Onyegbunam contacted Nurse Practitioner Carolyn Moore, who was the on call medical provider. NP Moore ordered pain medication, an x-ray, and no duty until the plaintiff could be seen by a provider.

The plaintiff was given two bags of ice for his jaw, and at approximately 3:10 a.m. Toradol was administered. Defendant Grimes interviewed the plaintiff in the SNU, and suspected that the plaintiff had been involved in a fight. Nurse Onyegnunam notified defendant Grimes that x-rays would be taken later that morning, and that the plaintiff would not be housed in the SNU. Defendant Grimes then escorted the plaintiff to administrative segregation, and continued his investigation. At no time was the plaintiff threatened by defendant Grimes.

After x-rays were taken, the plaintiff was transferred to University Medical Center in New Orleans for surgical intervention to repair bilateral jaw fractures. He returned from the hospital on August 21, 2015 and was admitted to the SNU for pain management until he was discharged on September 11, 2015.

NP Moore did not order for the plaintiff to be housed in the SNU until he was taken for x-rays, and it was acceptable for him to be escorted to administrative segregation.[1] Had the plaintiff required medical care while housed in administrative segregation, he could have declared himself a medical emergency to access treatment, which is available 24 hours per day, 7 days per week. *See* exhibits C, D, E, and F.

Based on the foregoing, the Court is unable to conclude that the evidence supports a finding of deliberate medical indifference on the part defendant Grimes. Instead, the most that can be gleaned from the evidence in the record is that there was an acceptable period of delay in obtaining x-rays and transferring the plaintiff, since the injury occurred during the early morning hours of August 19, 2015. There is nothing in the record which shows deliberate indifference to the plaintiff's serious medical needs. As previously mentioned, the competent summary judgment evidence establishes that it was acceptable for the defendant Grimes to transfer the plaintiff to administrative segregation where medical care was available to the plaintiff if he

---

[1] R. Doc. 16-5.

requested it.   Accordingly, the Court finds that the plaintiff has failed to adequately support his claim asserted against defendant Grimes, and the defendant is therefore entitled to summary judgment as a matter of law, dismissing the plaintiff's claim asserted herein.

Finally, in addition to the foregoing, the Court notes that the plaintiff has not filed any opposition in response to the instant motion.  In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing a properly supported motion.  *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324.  Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.*  Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings.  *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990).  When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor.  *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010).  Further, pursuant to Local Rule 56(b) of this Court, the plaintiff's failure to oppose the defendant's motion for summary judgment allows the Court to conclude that all of the facts contained in the defendant's Statement of Uncontested Material Facts are deemed to be admitted. In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any opposition to the defendant's motion for summary judgment or to the documentary evidence produced in support thereof.  Accordingly, there is nothing before the Court which tends to dispute the defendant's assertions regarding the plaintiff's medical care as discussed above.  Accordingly, based upon the plaintiff's failure in this case to oppose the

defendant's motion for summary judgment, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that the defendant's motion is well-taken and that, on the record before the Court, the defendant is entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is recommended that the Motion for Summary Judgment (R. Doc. 16), be granted, dismissing the plaintiff's claims asserted against this defendant, with prejudice, and that this action be dismissed. It is further recommended that the Motion to Dismiss filed by defendant Grimes (R. Doc. 15) be denied as moot.

Signed in Baton Rouge, Louisiana, on December 27, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**